ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Precision Standard, Inc. | ) ASBCA No. 58135 |
| | ) |
| Under Contract No. SPM4A7-08-M-9187 | ) |

APPEARANCES FOR THE APPELLANT:    Nancy M. Camardo, Esq.
                                  Kevin M. Cox, Esq.
                                    Camardo Law Firm, P.C.
                                    Auburn, NY

APPEARANCES FOR THE GOVERNMENT:   Daniel K. Poling, Esq.
                                    DLA Chief Trial Attorney
                                  Edward R. Murray, Esq.
                                    Trial Attorney
                                    DLA Aviation
                                    Richmond, VA

OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant Precision Standard, Inc. (PSI) has timely filed a motion for partial reconsideration of the Board's decision in *Precision Standard, Inc.*, ASBCA Nos. 58135, 58205, 16-1 BCA ¶ 36,398. In ASBCA No. 58135, we granted the government's motion for summary judgment, holding that the government's termination of PSI's contract for default was proper. In ASBCA No. 58205, which involves a government claim for breach of warranty, we denied the parties' cross-motions for summary judgment because we found that there was a dispute of material fact with respect to at least the applicable welding standard. PSI has moved for reconsideration of our decision in ASBCA No. 58135, the default termination appeal. Familiarity with our prior decision is presumed.

In deciding a motion for reconsideration, the general standards the Board applies are whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. Reconsideration is not intended to provide a party with the opportunity to reargue an issue that has already been raised and decided. *Computer Sciences Corporation*, ASBCA Nos. 56168, 56169, 09-2 BCA ¶ 34,261 at 169,283. The moving party must show a compelling reason why the Board should modify its decision. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041.

PSI makes two arguments in its motion for reconsideration, both of which were previously raised and rejected by the Board. PSI argues again that it had no obligation to continue with contract performance after the government materially breached the contract (app. mot. at 4-7). PSI also reiterates that the default termination was based upon the government's improper warranty claim (*id.* at 7). Based upon that assertion, PSI claims it was "premature" for the Board to issue a decision in this appeal (*id.*).

With respect to the alleged material breach by the government, PSI asserts that our 8 June 2016 decision "overlooks or misapplies" *Kahn Communications, Inc.*, ASBCA No. 27461, 86-3 BCA ¶ 19,249 and *Bogue Electric Manufacturing Company*, ASBCA Nos. 25184, 29606, 86-2 BCA ¶ 18,925. Appellant relied heavily on these cases in its opposition to the government's motion for summary judgment (app. opp'n at 4-7), and we did not find its argument persuasive. While *Bogue* and *Kahn* also involved default terminations resulting from allegedly improper testing specifications, in both decisions there was ample evidence to support the Board's finding of a prior material breach by the government. It was clear from the record in both decisions that the contractors disputed the propriety of the testing specifications mandated by the government, and communicated concerning those issues with the government on multiple occasions attempting to resolve them prior to the default terminations. *See, e.g., Kahn*, 86-3 BCA ¶ 19,249 at 97,343-47; *Bogue*, 86-2 BCA ¶ 18,925 at 95,472-77.

In contrast, the record here contains no evidence to support a finding that the government materially breached the contract. Also unlike the record in *Bogue* and *Kahn*, the record here shows no effort by PSI to resolve the issue of whether the appropriate welding standard was being used. Instead, PSI ignored the government's concerns with respect to the quality of the already-delivered skins, ignored the requirements of Mod 3 put in place to address those concerns, and apparently never even raised the issue of the appropriate welding standard with the government prior to the termination. *Precision Standard*, 16-1 BCA ¶ 36,398 at 177,448. As we noted, it is questionable whether a dispute over the appropriate welding standard even existed at the time PSI rejected Mod 3. *Id.* at 177,449. Moreover, as we held, even if PSI had raised the issue, it still had an obligation to perform as directed since, under the Disputes clause, the merits of the controversy have no effect on the requirement that a contractor continue performance.[1] *Id.*

We also did not find *Bogue* or *Kahn* to be persuasive in this appeal given that neither decision discusses a contractor's obligation under the Disputes clause (incorporated by reference into PSI's contract) to continue performance even where it disputes the government's interpretation of a contract provision. *Precision Standard*, 16-1 BCA ¶ 36,398 at 177,449; *see also Essex Electro Eng'rs, Inc.*, ASBCA No. 49115, 02-1 BCA ¶ 31,714 at 156,699 and *Benju Corporation*, ASBCA No. 43648 *et al.*, 97-2 BCA ¶ 29,274 at 145,654-55.

---

[1] In its motion, PSI mischaracterizes our holding as one imposing "the requirement to submit a claim under the Disputes clause" (app. mot. at 7).

Finally, PSI repeats its argument that the termination was based upon the government's improper warranty claim and asserts that it is "premature for the Board to issue a decision" on the default termination before deciding the warranty claim (app. mot. at 7). PSI's argument is not supported by the record and was previously considered and rejected by the Board. The contracting officer based her decision to terminate the contract for default on PSI's failure to perform in accordance with the terms and conditions of the contract. This ground was entirely sufficient to justify default termination, regardless of whether the appropriate welding standard was being used.[2] As we stated in our decision, the propriety of the default termination is independent of the government's warranty claim. *Precision Standard*, 16-1 BCA ¶ 36,398 at 177,448-449.

PSI has merely reiterated arguments already raised and decided. Its motion for reconsideration is denied.

Dated: 21 September 2016

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] In a variant of its argument, PSI states that the termination was based upon its failure to deliver the test items required by Mod 3, which it contends was issued as a result of the government's improper rejection "under the warranty clause" of previously delivered parts (app. reply at 1-2). PSI's utter failure to address the government's concerns about the visible cracks in the spot welds, its flat refusal to accept reasonable government direction (Mod 3), and its refusal to provide assurances of performance are far more proximate causes of the termination for default.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58135, Appeal of Precision Standard, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4